UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

v.                                            No. 3:16-cr-30003-1

STEPHEN CARUFEL                                                                                               DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Stephen Carufel's motion (Doc. 57) for early termination of supervised release.  The Government has filed a response (Doc. 58) in opposition.  The motion will be DENIED.

Mr. Carufel is currently serving a 3-year term of supervised release following his plea of guilty to one count of aiding and abetting money laundering and one count of aiding and abetting possession of methamphetamine with intent to deliver, for which he was sentenced to 78 months of imprisonment.  His supervised release began on December 17, 2021.  Mr. Carufel argues that early termination is warranted because he has been fully compliant with the terms of his supervision, has fully paid his financial penalties, and has successfully rehabilitated and reintegrated back into society.  He states that he would like to schedule extended visits and vacations with family members who reside outside of Arkansas without having to obtain pre-approval and monitoring by probation.  He also states that he suffers from a variety of medical ailments.  The Government opposes Mr. Carufel's request.

The Court may terminate a term of supervised release at any time after the expiration of one year of supervised release if, after considering the factors in 18 U.S.C. § 3553(a), it is satisfied "that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  A court has discretion to consider a broad range of factors when

considering whether to terminate a supervised release period. *See United States v. Vasquez*, 77 F. App'x 387, 388 (8th Cir. 2003) (citing *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999)).

Although the Court commends Mr. Carufel for his excellent record of compliance while on supervised release, the Court is not persuaded that this warrants early termination of his supervision. As the Government notes in its response, compliance with the terms of supervision is simply what is expected of all defendants under supervised release. *See, e.g.*, *United States v. Weintraub*, 371 F. Supp. 2d 164, 166–67 (D. Conn. 2005). Moreover, Mr. Carufel has not shown that his supervision exacerbates his medical ailments or impedes his treatment for them, nor has he shown that his pre-approval or monitoring requirements unduly burden his ability to travel out of state for family visits or vacations. In short, the Court has not been presented with the sort of "exceptional" circumstances that would make early termination of supervised release appropriate here. *See id.* at 167.

IT IS THEREFORE ORDERED that Mr. Carufel's motion (Doc. 57) for early termination of supervised release is DENIED.

IT IS SO ORDERED this 6th day of September, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE